**James HICKS, Plaintiff,**

v.

**KAWASAKI HEAVY INDUSTRIES, Defendant.**

**KAWASAKI MOTORS CORPORATION, U. S. A., Defendant and Third-Party Plaintiff,**

v.

**Cindy Lee BOYER, Third-Party Defendant.**

**Civ. A. No. 76–1373.**

United States District Court, M. D. Pennsylvania.

June 15, 1978.

---

Lawrence G. Frank, Killian & Gephart, Harrisburg, for plaintiff.

James Carl, Metzger, Wickersham, Knauss & Erb, Harrisburg, Pa., for Kawasaki Motors Corp. USA.

McNees, Wallace & Nurick by G. Thomas Miller, Harrisburg, Pa., for Cindy Lee Boyer.

Nauman, Smith, Shissler & Hall by David C. Eaton, Harrisburg, Pa., for Kawasaki Heavy Industries Ltd.

## MEMORANDUM

HERMAN, District Judge.

This matter is before the Court on the motion of Defendant, Kawasaki Heavy Industries, Ltd., to dismiss for lack of personal jurisdiction. The complaint alleges that

on August 14, 1975, Plaintiff, James Hicks, was operating his 1973 Kawasaki motorcycle in Lower Swatara Township, Dauphin County, Pennsylvania, when a 1968 Dodge station wagon operated by Cindy Lee Boyer exited a private drive directly into the path of Plaintiff's motorcycle. The complaint further alleges that a collision occurred during which a spring-loaded hinged gasoline tank cap on the motorcycle came open, the gasoline spilling out, igniting and causing Plaintiff to suffer second and third degree burns over seventy to eighty per cent of his body. Plaintiff instituted this action on November 5, 1976, alleging breach of warranty, negligence and strict liability. The motorcycle involved in the accident was manufactured by Kawasaki Heavy Industries, Ltd., and distributed by Kawasaki Motors Corporation, U. S. A., to Teter's Farm Supply, Millersburg, Pennsylvania, and sold to Ray Woll who in turn sold it to Plaintiff. The action comes into this Court on the basis of diversity. 28 U.S.C. § 1332.

Defendant Kawasaki Heavy Industries, Ltd., has indicated that it is a corporation organized and existing under the laws of Japan, engaged in the manufacture of motorcycles and other products. Kawasaki Heavy Industries, Ltd., sells motorcycles to Kawasaki Motors Corporation, U. S. A., a Delaware Corporation. They indicate that all sales by Kawasaki Heavy Industries, Ltd. of motorcycles for the American market are made in Japan pursuant to order placed by Kawasaki Motors Corporation, U. S. A. Deliveries are made by Kawasaki Heavy Industries, Ltd. to Kawasaki Motors Corporation in Japan. Kawasaki Heavy Industries, Ltd. contends that it is not doing business in Pennsylvania, that Kawasaki Motors Corporation, U. S. A. is not its agent in Pennsylvania, and that it has insufficient minimum contacts with Pennsylvania to satisfy due process, and therefore this Court lacks personal jurisdiction over it.

Plaintiff relies on Pennsylvania's long-arm statute, 42 Pa.Cons.Stat.Ann. § 8301 et seq. (Purdon), as the basis for personal jurisdiction over Defendant Kawasaki Heavy Industries, Ltd.[1] Section 8302 deals with non-qualified foreign corporations and provides generally that any such corporation ". . . which shall have done any business in this Commonwealth without procuring a certificate of authority . . ." is presumed to have designated the Pennsylvania Department of State as its attorney for service of process. Section 8309 more specifically provides:

"(a) *General Rule.*—Any of the following shall constitute 'doing business' for the purposes of this chapter:

(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

(5) The ownership, use or possession of any real property situate within this Commonwealth.

(b) *Exercise of full constitutional power over foreign corporations.*—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent

---

1. The separate and distinct question of the validity of the service of process, should Defendant Kawasaki Heavy Industries, Ltd. be subject to personal jurisdiction, is not contested. At page two of its brief, Kawasaki Heavy Industries, Ltd. admits sufficiency of the service.

Plaintiff attempted service in several ways, including use of the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters", 28 U.S. C.A., Rule 4 Annex, of which Japan and the United States are signatories.

allowed under the Constitution of the United States.

(c) *Exception.—*. . . [none here applicable]."

The power of a federal court entertaining a suit based on diversity of citizenship to exercise in personam jurisdiction over a nonresident defendant turns on two considerations. The law of the state in which a federal court sits must confer in personam jurisdiction over the defendant, and if it does, exercise of jurisdiction under state law must comport with basic due process requirements of the United States Constitution. *George Transport & Rigging Co., Inc. v. International Publications Equipment Corp.*, 425 F.Supp. 1351 (E.D.Pa.1977). A Plaintiff must state sufficient facts in the complaint to invoke jurisdiction, and once jurisdiction has been denied, the plaintiff has the burden of proving such facts. *Kenyatta v. Kelley*, 430 F.Supp. 1328, 1330 (E.D.Pa.1977); *Parise v. AAA Warehouse Corp.*, 384 F.Supp. 1075, 1079 (W.D.Pa. 1974).

To satisfy constitutional due process a defendant must have certain minimum contacts with the forum such that maintenance of suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Pennsylvania's long-arm statute has been construed to be as broad as the standard of constitutional due process. *Proctor & Schwartz, Inc. v. Cleveland Lumber Company*, 228 Pa.Super. 12, 323 A.2d 11 (1974). *Kitzinger v. Gimbel Brothers, Inc.*, 240 Pa.Super. 345, 368 A.2d 333 (1976). The rule of *International Shoe* does not lend itself to mechanical application, and while the interests of the forum state and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are to be considered, *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the court must determine on an ad hoc basis whether the quality and nature of the defendant's "affiliating circumstances" are such that it is reasonable and fair to require him to conduct his

defense in that state. *Kulko v. California Superior Court*, — U.S. ——, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978, per Marshall, J.); *Hanson v. Denckla*, 357 U.S. 235, 246, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Because Section 8309(b) of the Pennsylvania long-arm statute, 42 Pa.Cons.Stat.Ann. § 8309(b) (Purdon), makes the statutory reach co-extensive with requirements of due process we must decide whether Defendants had sufficient contacts with the forum state to make exercise of jurisdiction constitutionally permissible. See *Kitzinger v. Gimbel Brothers, Inc.*, 240 Pa.Super. 345, 368 A.2d 333 (1976); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974).

To determine whether necessary minimum contacts for establishing jurisdiction over a nonresident corporation are present, the Court should consider whether the corporation has purposefully availed itself of the privilege of acting within the forum state thus invoking benefits and protections of its law, whether the cause of action arose from the corporation's activities within the forum state, and whether the corporation's connection with the forum state was substantial enough to make exercise of jurisdiction over it reasonable. *Hart v. McCollum*, Pa.Super., 376 A.2d 644 (1977); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974).

The factual background of the jurisdictional issue appears from an affidavit by Ichiro Tamura, Senior Manager of the Quality Assurance Department of Kawasaki Heavy Industries, Ltd. taken before the American Consul in Kobe, Japan, as well as answers to interrogatories by Kawasaki Heavy Industries, Ltd., and Kawasaki Motors Corp., U. S. A., which interrogatories were propounded by Plaintiff and dealt mainly with the jurisdictional issues involved here.

Kawasaki Heavy Industries, Ltd., argues that it never made any sale or solicited any business in Pennsylvania, never received a certificate of authority to do business in Pennsylvania, and does not directly ship

goods into Pennsylvania. They point out that all their motorcycles for the American market are sold to Kawasaki Motors Corporation, U. S. A., f.o.b.. Japan.

Plaintiff points to the fact that Kawasaki Motors Corp., U. S. A., is the exclusive sales agent for Kawasaki motorcycles in the continental United States. Kawasaki Heavy Industries Ltd. owns over 96% of the shares of stock of Kawasaki Motors Corp., U. S. A., and at least one person serves on the boards of both corporations. Most significant is the fact that there are 55 Kawasaki retail dealers in Pennsylvania supplied by the exclusive sales agent. Although the motorcycles are sold f.o.b. Japan to Kawasaki Motors Corporation, U. S. A., it is inconceivable that Kawasaki Heavy Industries, Ltd., is not aware that a significant number of its motorcycles reach Pennsylvania and that this activity would have consequences in the state.

Kawasaki Heavy Industries, Ltd. derives significant benefit from the Pennsylvania marketplace and the receipt of protection from Pennsylvania law. This is so even though the product was not directly placed in the state by Kawasaki Heavy Industries, Ltd., but rather was marketed by one whom the Defendant could foresee would cause the product to enter Pennsylvania.

There exists a direct relationship between the cause of action and Defendant Kawasaki Heavy Industries, Ltd.'s contacts with the state. The motorcycle in question here was manufactured by Kawasaki Heavy Industries, Ltd., was marketed in Pennsylvania, and is alleged to have caused injury in the state to a resident of the state. Pennsylvania has an interest in providing a forum for an injured resident to bring an action against a non-resident manufacturer in a products liability action.

For these reasons we conclude that Kawasaki Heavy Industries, Ltd., was doing business in Pennsylvania by reason of the sale of the motorcycles to its exclusive sales agent for the continental United States, with the knowledge that its manufactured units would be brought to Pennsylvania and sold at retail by 55 Kawasaki dealerships. The forum state has a substantial interest in taking jurisdiction over a non-domiciliary which is responsible for the shipment into the state of a defective or negligently manufactured product. *Deere v. Zilber*, 234 Pa.Super. 273, 338 A.2d 615 (1975). The manufacturer has the minimum contacts required by due process and is doing business by means of indirect shipments of goods into the state. *Kitzinger v. Gimbel Brothers, Inc.*, 240 Pa.Super. 345, 368 A.2d 333 (1976).

In a case in which a Japanese manufacturer had a sales arrangement quite similar to the one in the present case, *Hetrick .v. American Honda Motor Co.*, 429 F.Supp. 116 (D.Neb.1976), the court said:

> "The Court must look to the economic and commercial realities of this case and it would be fundamentally unfair to allow a foreign manufacturer to insulate himself from the jurisdiction of the courts by use of an exclusive distributor. Any inconvenience to defendant in defending this lawsuit is outweighed by other considerations."

429 F.Supp. at 118–119. Also see, *Dotterweich v. Yamaha International Corporation*, 416 F.Supp. 542 (D.Minn.1976). Any other result would permit a foreign corporation to market its product in this state, profit from its sale here and yet retain immunity simply by structuring its business operations so as to avoid direct activity in the Commonwealth. *Crucible v. Stora Kopparbergs Bergslags AB*, 403 F.Supp. 9 (W.D.Pa. 1975).[2]

We note that Plaintiff also asserts personal jurisdiction by arguing that the corporate control of Kawasaki Motors Corp., U.

2. There is apparently at least one other United States District Court which has obtained personal jurisdiction over Kawasaki Heavy Industries, Ltd., in a diversity case involving alleged defective design of a motorcycle. In *Stapleton v. Kawasaki Heavy Industries, Ltd.*, 69 F.R.D. 489 (N.D.Ga.1975), the court ordered Kawasaki Heavy Industries, Ltd., and Kawasaki Motors Co. U. S. A., to reimburse the plaintiff for the costs of translating discovery materials which the companies produced in the Japanese language.

S. A., by Kawasaki Heavy Industries, Ltd., is so substantial as to make Kawasaki Heavy Industries answer for the activities in Pennsylvania of its controlled corporation and subject it to the jurisdiction of this Court. See *Dobbins v. Kawasaki Motors Corporation (and Kawasaki Heavy Industries, Ltd.)*, 362 F.Supp. 54 (D.Or.1973). As we have already found personal jurisdiction on another basis we do not decide this question.

The motion to dismiss for lack of personal jurisdiction by Kawasaki Heavy Industries, Ltd., will be denied.

An appropriate order will be entered.