**Jesse I. and Jamie November LASKY, h/w et al.**

v.

**CONTINENTAL PRODUCTS CORPORATION, et al.**

Civ. A. No. 82–3415.

United States District Court, E.D. Pennsylvania.

July 20, 1983.

William Zurzolo, Philadelphia, Pa., for plaintiffs.

George J. Lavin, Jr., Philadelphia, Pa., for Nissan.

Neil Jokelson, Philadelphia, Pa., for Continental.

## MEMORANDUM

NEWCOMER, District Judge.

The defendant Nissan Motor Company, Ltd. (Japan) ("Nissan") has moved to dismiss all claims against it on the ground that this Court lacks personal jurisdiction over it. This motion will be denied.

■ This Court may, of course, exercise personal jurisdiction over a non-resident defendant to the extent allowed by the forum state. *See, e.g., Rockwell International Corp. v. Costruzioni Aeronautiche,* 553 F.Supp. 328 (E.D.Pa.1982). Pennsylvania's Long-Arm Statute, 42 Pa.C.S.A. § 5322, permits the exercise of personal jurisdiction to the fullest extent allowed under the United States Constitution. Accordingly, if the exercise of personal jurisdiction over Nissan satisfies the due process requirements of the United States Constitution, Nissan's motion must be denied.

Due process requires that a non-resident defendant have certain minimum contacts with the forum state such that the maintenance of the law suit in the forum state does not offend traditional notions of fair play. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Such contacts are established by activities that give the defendant a reasonable expectation that it may be "haled before the Court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

In products liability cases such as the case *sub judice,* many courts have adopted the "stream of commerce" theory as a basis for jurisdiction over a foreign manufacturer. Under this theory personal jurisdiction may be obtained over a manufacturer in the forum in which the allegedly defective product was sold, notwithstanding the fact that the product was sold through an independent sales or distribution system. *See DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.1981).

■ The product at issue in this suit is a Datsun automobile manufactured by Nissan. This automobile was apparently sold to a wholly owned subsidiary of Nissan, the Nissan Motor Corporation in U.S.A., for eventual resale in the United States. The plaintiff purchased this automobile in Pennsylvania and was injured in Pennsylvania as the result of an accident allegedly caused by a defect in the automobile.

Nissan asserts that it is a Japanese company with no offices or employees located in Pennsylvania; that it is not incorporated, licensed, or registered to do business in Pennsylvania; and that it carries on no activities whatsoever in Pennsylvania. Assuming, *arguendo,* the truth of these averments, it is still obvious that this Court may exercise personal jurisdiction over Nissan.

It cannot be disputed that the Datsun automobiles manufactured by Nissan are aggressively marketed and sold in Pennsylvania. The fact that Nissan conducts its marketing and distribution in the United States through an independent distribution system does not shield it from the imposition of *in personam* jurisdiction in Pennsylvania. Nissan had every reason to expect, and no doubt desired, that many of its automobiles would be sold in Pennsylvania. I find, therefore, that Nissan should reasonably expect to be haled into court in Pennsylvania. Nissan's motion to dismiss for lack of *in personam* jurisdiction will, therefore, be dismissed.