Donald R. REES, Plaintiff,

v.

MOSAIC TECHNOLOGIES, INC., Defendant.

Civ. A. No. 83–1274.

United States District Court, W.D. Pennsylvania.

Sept. 9, 1983.

**32**

Anthony A. Seethaler, Jr., Bridgeville, Pa., for plaintiff.

James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

Defendant has moved to dismiss the complaint for 1) lack of in personam jurisdiction, 2) failure to state a claim, and 3) as an exercise of the court's discretion. We do not address the last two items because we conclude that plaintiff has not pled facts sufficient to establish in personam jurisdiction. The complaint will, therefore, be dismissed.

Plaintiff alleges that in November 1982 he entered a personal service contract with the promoters of the as yet unborn corporation. It is alleged that plaintiff received the exclusive franchise to recruit persons for various management positions with the inchoate corporation in return for a fee. Plaintiff alleges that the defendant corporation ratified this contract but now refuses to abide by it. Plaintiff seeks a declaratory judgment affirming the existence and validity of the contract, an order enjoining defendant from recruiting persons or filling any positions for which plaintiff holds the exclusive search contract, and damages.

The essential facts as appearing in the pleadings may be summarized as follows. Defendant was incorporated in Delaware on April 6, 1983 as Workstations, Inc. The present name was substituted by amendment of May 6, 1983. Defendant's principal place of business from its creation has been New Hampshire.

Defendant's first President and Chief Executive Officer was Frank Williams, who had offices in Pennsylvania. Very shortly after incorporation, Williams was succeeded by Frank Marshall, whose offices are in New Hampshire.

Prior to defendant's incorporation, Williams asked plaintiff to recruit various management personnel in return for a fee, and plaintiff agreed. Marshall has since refused to honor any such contract with plaintiff.

Plaintiff has alleged in his amended complaint various activities occurring in Pennsylvania in an effort to establish in personam jurisdiction. Viewed singly and as a whole these allegations are insufficient.

The complaint describes the various activities of the plaintiff and the promoters occurring in Pennsylvania on behalf of the defendant corporation. These include the solicitation of venture capital and the procurement of business information. The bulk of these activities occurred prior to the date of incorporation.

The date of incorporation creates the legal dilemma here. A corporation does not exist as an entity until incorporated. Because it does not exist, it can take no action prior to that date. 18 Am.Jur.2d Corporations § 119.

Although the promoters were active prior to incorporation, they are not the alter egos of the unborn corporation. *Id.* Promoters can only bind the corporation under certain circumstances. See, *Bonner v. Travelers Hotel Inc.*, 276 Pa. 492, 120 A. 467 (1923). Furthermore, agency relationships cannot

exist because the principal does not yet exist.

■ While these principles have been espoused in other settings, we find the basic postulate of corporate existence to be applicable to the instant situation. In personam jurisdiction is justified where the subject avails itself of the protection or opportunities offered by the forum. *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974); *Hicks v. Kawasaki Heavy Industries,* 452 F.Supp. 130 (M.D.Pa.1978). The pre-incorporation activities of the plaintiff and promoters are not activities of the corporation. Because it does not yet exist, the corporation cannot avail itself of the forum's protection or opportunities. We conclude therefore that pre-incorporation activities of promoters cannot provide the minimum contacts basis for in personam jurisdiction over a foreign corporation.

Plaintiff then argues that the defendant's ratification of the pre-incorporation activities occurring in Pennsylvania subjects the defendant to in personam jurisdiction. Ratification itself apparently occurred in New Hampshire so plaintiff relies again on the promoters' activities to satisfy the minimum contacts standard.

■ It is true that ratification will subject the corporation to liability for the pre-incorporation agreements made by the promoters where no liability would otherwise exist. The substance of these activities is adopted and liability imposed. However, ratification does not appear to have any jurisdictional consequences. It is simply a matter of contract law. We find no authority to support the premise that ratification of the promoters' dealings converts them to acts of the corporation for the purpose of establishing in personam jurisdiction. Furthermore, because the corporation is faced with the existence of the contact after the fact, ratification would not constitute the affirmative establishment of a contact.

■ We turn then to the post-incorporation activities. We note first that Williams operated from his Pennsylvania office during the pre-incorporation stage and presumably during the brief period he spent as President of the corporation. However, the presence of an officer or agent in a forum for isolated activities in the corporation's behalf is insufficient to subject a foreign corporation to in personam jurisdiction. *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ The only described activities which *may* have occurred in Pennsylvania after defendant's incorporation relate to continued efforts to obtain commitments for venture capital. None of the described post-incorporation activities of the defendant's principals involved plaintiff's recruitment contract. Furthermore any post-incorporation activity in Pennsylvania was short-lived because Williams was replaced within days of incorporation. The only other activity consisted of isolated telephone calls with Marshall in New Hampshire. Plaintiff has failed to plead any significant activity by the corporation or its principals on or following the date of incorporation which would permit a finding of sufficient contact with the forum to justify in personam jurisdiction.

The facts as alleged in both the original and amended complaint do not permit a finding of such minimum contacts as would justify in personam jurisdiction. *International Shoe Co.,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *Hicks v. Kawasaki,* 452 F.Supp. 130. We must, therefore, dismiss the action for lack of jurisdiction.