**Christopher F. WEIGHT, et al., Plaintiffs,**

v.

**KAWASAKI MOTORS CORP., U.S.A., et al., Defendants.**

**Civ. A. No. 84–0925–A.**

United States District Court, E.D. Virginia, Alexandria Division.

March 4, 1985.

Yvonne F. Weight, Bernard S. Cohen, Alexandria, Va., for plaintiffs.

George F. Cronin, Jr., Fairfax, Va., Carl F. Ameringer, Michael Esher Yaggy, Niles, Barton & Wilmer, for defendant Kawasaki Motors Corp., U.S.A.

Joe A. Shull, Arlington, Va., James K. Archibald, Lawrence H. Norton, Venable, Baetjer & Howard, Baltimore, Md., for defendant Kawasaki Heavy Industries, Ltd.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the court on defendant Kawasaki Heavy Industries, Ltd.'s ("KHI") Motion to Dismiss for Lack of Personal Jurisdiction. For reasons set forth below, KHI's Motion is denied.

### I

#### Background

Plaintiff Christopher Weight, a Virginia resident, brings this products liability claim alleging personal injuries caused by a defective motorcycle manufactured by defendant KHI, a Japanese corporation. KHI is a corporation engaged in the manufacture of motorcycles and other products. The accident occurred in Virginia. Plaintiff alleges that the motorcycle was sold by KHI to co-defendant Kawasaki Motor Corporation, U.S.A. ("Kawasaki U.S.A."), which is the distributor in the United States for Kawasaki motorcycles.

KHI sells all of its motorcycles for the American market to Kawasaki U.S.A. f.o.b., Japan. KHI is neither registered nor licensed to do business in Virginia. KHI indicates that it makes no sales to local U.S. distributors, it does not maintain an office in Virginia, and that all motorcycles shipped by Kawasaki U.S.A. to the United States are shipped through ports in states other than Virginia. KHI contends that it is not doing business in Virginia and that it has insufficient minimum contacts with Virginia to satisfy due process, and therefore, this court lacks personal jurisdiction over it.

### II

■ In cases in which jurisdiction is based on diversity of citizenship, the plaintiff has the burden to show, first, that an applicable statute asserts jurisdiction, and, second, that the assertion of jurisdiction is consonant with the constitutional limitations of due process. *Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir.1982).

The Virginia Long-Arm Statute, § 8.01–328.1, Va.Code (Repl.Vol.1984), provides in pertinent part:

*When personal jurisdiction over person may be exercised.*—A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth.

■ To satisfy constitutional due process a defendant must have certain minimum contacts with the forum State such that maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Virginia's Long-Arm Statute has been construed to be as broad as the standard of constitutional due process. *Kolbe, Inc. v. Chromodern*, 211 Va. 736,

740, 180 S.E.2d 664, 667 (1971). Accordingly, if the exercise of personal jurisdiction over KHI satisfies the due process requirements of the U.S. Constitution, KHI's motion must be denied.

Both plaintiff and defendant argue that *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), supports their respective arguments. In *World-Wide Volkswagen,* plaintiff brought suit in Oklahoma for personal injuries arising out of an accident in Oklahoma in which plaintiff's Audi automobile caught on fire when rear-ended by another automobile. The regional distributor and retailer dealer who sold plaintiff the car in New York successfully challenged the power of the Oklahoma court to exercise jurisdiction. In applying the *World-Wide Volkswagen* decision to the facts of the case at bar, this court notes that the foreign manufacturer in *World-Wide Volkswagen* did not challenge jurisdiction. The Supreme Court did, however, provide dictum which is applicable to the case at bar:

> [I]f the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its products in other states, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owners or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.

444 U.S. at 297, 298, 100 S.Ct. at 567, 568.

KHI argues that plaintiff has not met his burden of showing that defendant has purposefully availed itself of the privilege of conducting business in Virginia. KHI also argues that there has been no showing that KHI's sales to Kawasaki U.S.A. in Japan were part of any effort *by KHI* to serve any market for its products in Virginia.

This court believes that plaintiff *has* met his burden of proof. Plaintiff points out that KHI owns over 96% of the shares of stock of Kawasaki U.S.A. and at least one person serves on the board of directors of both corporations. There are nineteen retail dealers in Virginia who sell new Kawasaki motorcycles purchased by them from Kawasaki U.S.A. KHI has also entered into trademark agreements to allow these American retail dealers to use the name "Kawasaki." Kawasaki U.S.A. has an indemnity agreement with KHI. Furthermore, the owner's manuals and brochures written by KHI which describe the Kawasaki motorcycles sold by KHI to Kawasaki U.S.A. are written in English and state that the motorcycles meet U.S. safety regulations. It is clear that KHI knew and intended that many of the motorcycles manufactured by them would be purchased by consumers in Virginia and that this activity would have consequences in Virginia.

KHI derives substantial economic benefits from the sales of its vehicles by Kawasaki U.S.A. Kawasaki U.S.A.'s operations produce profits for KHI, both from the dividends paid to it by Kawasaki U.S.A. and from Kawasaki U.S.A.'s purchases of motorcycles from the parent corporation. This court believes that the sale of motorcycles in Virginia bought from KHI constitutes a substantial source of revenue in actual dollar amounts.[1] KHI has not only derived benefit from the Virginia marketplace but also received protection from Virginia law. This is true even though the product was not placed directly in Virginia by KHI, but instead was marketed by one whom KHI could foresee would cause the

---

1. Between 1982 and 1984, Kawasaki U.S.A. sold 7,250 motorcycles to the 19 retail dealers in Virginia. The exact number of motorcycles manufactured by KHI that were sold to Virginia dealers is unknown for two reasons. First, the 7,250 total does not include sales to Virginia dealers who are no longer Kawasaki U.S.A.'s franchised dealers. Second, the total includes some motorcycles manufactured by an affiliate of Kawasaki U.S.A. in Nebraska, sold to Kawasaki U.S.A. and then sold by Kawasaki U.S.A. to dealers in Virginia.

product to enter Virginia. *See Hicks v. Kawasaki Heavy Industries,* 452 F.Supp. 130 (M.D.Pa.1978).

Recent decisions in which foreign motor vehicle manufacturers had a sales arrangement quite similar to the one in the present case have held that the fact that a foreign parent conducts its marketing and distribution in the United States though an independent distribution system does not shield it from *in personam* jurisdiction. *See, e.g., Lasky v. Continental Products Corp.,* 569 F.Supp. 1225, 1227 (E.D.Pa.1983); *United States v. Toyota Motor Corp.,* 561 F.Supp. 354, 359 (C.D.Cal.1983). Due process is satisfied as long as the foreign manufacturer knew and intended that its vehicles would be sold in Virginia. *Id.*

The assertion of jurisdiction in this case is also sound from a public policy standpoint. Virginia has an interest in providing a forum for an injured resident to bring an action against a non-resident manufacturer in a products liability action. In a case in which a Japanese manufacturer had a sales arrangement quite similar to the one in the present case, *Hetrick v. American Honda Motor Co.,* 429 F.Supp. 116 (D.Neb.1976), the court stated:

"The court must look to the economic and commercial realities of this case and it would be fundamentally unfair to allow a foreign manufacturer to insulate himself from the jurisdiction of the courts by use of an exclusive distributor. Any inconvenience to defendant in defending this lawsuit is outweighed by other considerations."

429 F.Supp. at 118–119. *See also Hicks v. Kawasaki Heavy Industries,* 452 F.Supp. 130 (M.D.Pa.1978); *Dotterweich v. Yamaha International Corporation,* 416 F.Supp. 542 (D.Minn.1976).

KHI relies heavily on an unpublished opinion of the United States District Court for Maryland which held that personal jurisdiction could not be asserted over KHI. *Batzer v. Kawasaki Motor Corporation, U.S.A., et al.,* Civil Action No. R–80–1591 (D.Md. December 15, 1981). However, this court, along with the weight of authority in other jurisdictions finds the *Batzer* court's interpretation of *World-Wide Volkswagen* to be strained, unpersuasive and inconsistent with the dictum in *World-Wide Volkswagen* which logically applies to the foreign parent—American subsidiary situation.

In *World-Wide Volkswagen,* the Supreme Court held that:

[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

444 U.S. at 297, 100 S.Ct. at 567.

For reasons given above, this court finds that KHI should reasonably be expected to be haled into court in Virginia. KHI's Motion to Dismiss for Lack of *In Personam* jurisdiction is, therefore, dismissed.

An appropriate Order shall issue.