**CIRCUIT COURT OF THE CITY OF NORFOLK**

Cynthia P. Morrison

v.

Nissan Motor Co., Ltd., et al.

March 6, 1987

Case No. (Law) L-86-2317

By JUDGE JOHN W. WINSTON

Nissan Motor Company, Ltd. (Nissan), a Japanese corporation located in Tokyo, moves to quash service of the process mailed to it from Richmond, Virginia, by the Secretary of the Commonwealth of Virginia. In the Motion to Quash and in the Affidavit supporting it, Nissan confirms its identity as a Japanese company and asserts it has not done and does not do business in the Commonwealth, has not qualified to do business here, and has not appointed the Secretary of the Commonwealth (or anyone else) as its agent for the service of process here.

Relying upon Virginia Code § 8.01-328.1, Morrison asserted jurisdiction over Nissan in this court. She then directed the Clerk to issue process to be served upon Nissan through the Secretary of the Commonwealth in Richmond (as Nissan's statutory agent). That was accomplished on October 16, 1986. In turn the Secretary forwarded the papers so served by registered mail, return receipt requested directly to Nissan at its Tokyo address.

This manner of serving process upon a foreign corporation over which the court has jurisdiction is valid in Virginia, and the procedure called for by Virginia Code Section 8.01-329 was complied with here.

The service of process issues requiring attention here are two-fold: (1) Does this court have personal jurisdiction over Nissan, and (2) if so, has the Hague Convention On The Service Abroad Of Judicial and Extrajudicial Documents In Civil or Commercial Matters and the Japanese internal law been complied with?

Since the allegations in the body of the Motion for Judgment recite that Nissan manufactured a Datsun automobile in Japan which it then sold in the regular course of its business to an automobile dealer in Virginia which resold it to a customer there who in turn sold it down a line which ultimately reached Richard L. Palmateer and who totalled it in an accident with plaintiff Morrison in Virginia as the result of Nissan's negligent design, etc., and breach of warranty, this court does not feel that jurisdiction should be denied merely because in reply through its counsel's affidavit, Nissan denies doing business in Virginia. That is a legal question which must be factually developed before it can be legitimately resolved.

But assuming that personal jurisdiction over Nissan does exist here, the critical question is whether the mailing of the English language process by the Secretary of the Commonwealth in Richmond directly to Nissan in Tokyo constitutes the legal *service* of that process required under the Hague Convention and under the internal law of Japan. That is the issue which this court will now address.

Both the United States and Japan are signatories to that Hague Convention. Under Article 5, the designated Central Authority of the receiving state (here Japan) shall arrange to have documents served by the method prescribed by its internal law or by the method requested by the applicant unless that method is incompatible with the law of the state addressed (here Japan). (Of course, the document may also be served by delivery to an addressee who does not then object to the informal procedure used.)

A number of courts in the United States have ruled on the validity of *service* of English language legal process issued in the United States and transmitted through the United States mails for delivery by a Japanese mailman to the defendant Japanese corporation there. Some have read the Convention to validate direct mailing of English

language process to an objecting Japanese defendant. *Shoei Koko Co. v. Superior Court*, 33 Cal. App. 3d 808, 109 Cal. Rptr. 402 (1973); *Weight v. Kawasaki Heavy Industries, Inc.*, 597 F. Supp. 1082 (1984) and 604 F. Supp. 968 (1985) (both E.D. Va., Alexandria); *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456 (E.D. N.Y. 1986). Others more logically have required a stricter reading of the Convention and have declared the service of English language process invalid where it was accomplished by direct mailing from the United States to the Japanese defendant in Japan. *Ormandy v. Lynn*, 472 N.Y.S. 2d 274 (1984); *Reynolds v. Koh*, 490 N.Y.S. 2d 295 (1985); *Kissew v. Yamaha Motor Co., Ltd.*, 493 N.Y.S. 2d 78 (1985); *Mommsen v. Toro Co.*, 108 F.R.D. 444 (S.D. Iowa 1985).

A definitive article published in the International Litigation Quarterly, Vol. 2, No. 2, September *1986*, entitled "*Japan and the Hague Service Convention*," is authored by Jay M. Smyser. There the requirements of Japanese law on the service of process in Japan are specifically set out. A reading makes it abundantly clear that Japan has not accepted the proposition that mere mailing of English language process directly from a United States official or individual to a Japanese corporation in Japan is legal service of that process in Japan. This is the case under the Convention, as well as under the internal law of Japan. Of particular interest is the 1978 letter from the Japanese Embassy to the chairman of the Publication Committee of the International Law Section of the A.B.A., written on behalf of the Government of Japan, as well as the April 15, 1983, diplomatic note from the Japanese Government. *See* pages 96 and 98. Both of these papers make crystal clear the invalidity of service of English language process upon an objecting Japanese national in Japan by the direct mailing method used by plaintiff Morrison in this case. As such, it amounts to a violation of due process owing under the United States Constitution.

For the reason stated Nissan's Motion to Quash the attempted service of process upon it through the Secretary of the Commonwealth is granted. It should be noted that at the hearing on January 30, 1987, the court ruled that venue in this case should be transferred to the Circuit Court of Orange County as a more convenient forum. The court adheres to that ruling.