Pauline **SKELTON**, Administratrix for the Estate of Dwight Skelton, Plaintiff,

v.

Robert J. **LOWEN**, Chairman of the Board of Trustees of Masters, Mates & Pilots Health & Benefit Plan, Defendant.

Civ. A. No. 86–855–N.

United States District Court, E.D. Virginia, Norfolk Division.

July 29, 1987.

Patricia W. Lemley, Norfolk, Va., for plaintiff.

David C. Kohler, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., Joan Ebert Rothermel, Seham, Klein & Zelman, New York City, for defendant.

CLARKE, District Judge.

### ORDER

This matter comes before the Court on defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction over the defendant and improper venue. The Complaint alleges that the Masters, Mates & Pilots Health & Benefit Plan (the Plan) wrongfully denied medical and disability benefits to plaintiff's deceased husband, a participant in the Plan. Jurisdiction of this Court is invoked pursuant to the Labor Management Relations Act, 29 U.S.C. § 186 (1978).

Plaintiff alleges that the decedent became a member of the International Organization of Masters, Mates and Pilots, AFL/CIO in 1964. Under the provisions of a collective bargaining agreement between the union and decedent's employers, decedent was entitled to benefits under the terms of the Plan. Plaintiff's decedent worked in covered employment, as defined by the Plan, until June 1970 at which time he became involuntarily disabled. The decedent returned to active employment in December 1973 and continued working until he became totally disabled in April 1982 following a diagnosis of Hodgkins disease. Plaintiff's husband died on June 12, 1985. According to plaintiff, the defendant wrongfully refused to pay medical and surgical expenses and disability benefits to the decedent subsequent to the diagnosis of Hodgkins disease.

Plaintiff states by way of affidavit that she is a resident of Chesapeake, Virginia and that her husband lived in the Tidewater area of Virginia throughout his adult life. All of decedent's employment and medical records are located in this area.

According to the affidavit of Mr. John Sokolowski, Administrator of the Plan, the Plan was established in 1957 by agreement between the union and employers pursuant to Section 302(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c). The Plan provides coverage for individuals employed as licensed deck officers on ocean-going vessels. The Plan is administered from an office in Linthicum Heights, Maryland. All claims for medical benefits under the Plan are processed by this office. The office also receives contributions from employers and makes payments to beneficiaries.

Mr. Sokolowski states that no contributing employer under the Plan is located in Virginia, and the Plan is not licensed to do business in the Commonwealth. Neither the Plan's trustees nor its employees have ever made decisions regarding any Plan business in Virginia, including the decision regarding the decedent's claim for benefits. The Plan has no office, records, employees, bank accounts, property, or telephone list-

ing in Virginia. The Board of Trustees of the Plan has never met in Virginia, and defendant's only contact with the Commonwealth was the mailing of notice of a denial of benefits and related eligibility materials to decedent's home address.

By way of a supplemental affidavit, Mr. Sokolowski further states that plaintiff's decedent worked as a licensed deck officer and obtained employment through a union hiring hall in Norfolk, Virginia. During the course of his career, the decedent worked for seventeen different employers, none of which is based in Norfolk, although vessels of these employers would call at the Port of Norfolk to load and unload cargo, refuel or pick up a crew. Based upon records used to compute decedent's eligibility for benefits, approximately ninety percent of decedent's employment time was spent at sea.

Defendant argues that this Court lacks personal jurisdiction because the Plan is not "present" in Virginia and has not performed acts within the Commonwealth that would permit application of the Virginia long-arm statute or satisfy due process requirements of the United States Constitution.

At the outset, the Court notes an apparent confusion as to the proper name of the defendant in this case. The Complaint names as defendant "Robert J. Lowen, Chairman of the Board of Trustees of the Master, Mates & Pilots Health & Benefit Plans." It appears from a reading of the file that only one plan is at issue. Furthermore, in its responsive pleadings and memoranda to the Court, defendant has added "A Maryland Corporation" to the style of the case, although the Complaint does not allege that the Plan is incorporated and defendant's arguments with regard to venue appear to indicate that the Plan is an unincorporated entity. The Court need not resolve these discrepancies. Defendant does not allege that plaintiff has failed to name or serve notice upon a proper party defendant. Accordingly, the Court finds that any objection as to the naming of a proper party defendant has been waived,

and plaintiff will be permitted to amend the Complaint as necessary.

The Court's exercise of personal jurisdiction over a nonresident defendant requires compliance with constitutional due process requirements. The defendant contends that constitutional prerequisites for jurisdiction are not present in this case because the defendant lacks "minimum contacts" with Virginia, *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), sufficient to support a finding that defendant "purposefully avail[ed]" itself of the privilege of conducting business in the Commonwealth. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Defendant argues that the "incidental contact" with Virginia through mailings sent to plaintiff does not support a finding that the Plan engaged in purposeful business activity here, and that defendant's due process rights would be violated by a finding of jurisdiction based upon the "unilateral" decision of plaintiff's decedent to reside in Virginia. *Id.; Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The Court disagrees with defendant's constitutional analysis as applied to the facts of this case.

Plaintiff's claim for relief arises out of a contract between her husband's employers and the union to which her deceased husband belonged. In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court held that in a diversity action involving a contract dispute, due process requires that a defendant receive "fair warning" that he may be subjected to the jurisdiction of a foreign sovereign and that this requirement is satisfied if the defendant has "purposefully directed" his activities to the residents of the forum. *Id.* at 472, 105 S.Ct. at 2182 (citations omitted). The Court further held that where a defendant "reaches out beyond one state" and creates "continuing obligations" between himself and residents of another state, the defendant "manifestly has availed himself of the privilege of conducting business there" so that it is not presumptively unreasonable to require him to submit to the burden of litigation in that

forum. *Id.* at 474–6, 105 S.Ct. at 2184 citing *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 647–8, 70 S.Ct. 927, 929–30, 94 L.Ed. 1154 (1948). Jurisdiction under such circumstances cannot be avoided merely because the defendant did not physically enter the forum state. *Id.* 471 U.S. at 476, 105 S.Ct. at 2184.

"Once it has been decided that a defendant purposefully established minimum contacts within the State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " *Id.* at 476, 105 S.Ct. at 2184. These factors include the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering substantive social policies. *Id.* at 477, 105 S.Ct. at 2184.

Personal jurisdiction over this defendant clearly exists under the reasoning of *Burger King.* From its inception, the Plan has "reached out" beyond the state where its office is located and created "continuing obligations" with residents of other states. The Plan is funded by employer contributions. An exhibit submitted by defendant as an attachment to the affidavit of Mr. Sokolowski indicates that the decedent's employers are located in various states including New York, California, Connecticut and New Jersey. Because the Plan covers licensed deck hands on ocean-going vessels, Plan participants could reasonably be expected to reside in ports throughout the United States.

In the present case, the Union negotiated for the provision requiring employer contributions to the Plan, and Union representatives sit on the Plan's Board of Trustees (Affidavit of Mr. Martin E. Pecil ¶ 5). The decedent's participation in the Union was through its local in this area. The decedent obtained employment through the union hall in Norfolk, Virginia. Presumably, the hall is also utilized by other Virginia residents who are covered by the terms of the Plan. A union representative at a port office in Norfolk is the initial contact person for a Plan participant wishing to file a claim for benefits (Plaintiff's Affidavit ¶ 8, Pecil Affidavit). Subsequent to receiving the proper materials, the claim is handled by correspondence between the Plan's office and the participant. Plaintiff has submitted copies of such correspondence pertaining to claims filed by her decedent.

By collecting benefit contributions from employers nationwide and assuming an ongoing obligation to provide coverage for individuals working on ocean-going vessels, the defendant received "fair warning" that it could be required to litigate a claim in a port city such as Norfolk, Virginia. The Court's assertion of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. The Commonwealth of Virginia has a strong interest in seeing that its citizens receive medical and disability benefits to which they may be entitled. Furthermore, requiring the defendant to travel to this forum from Maryland would not be unduly burdensome, and defendant admits as much in arguing conversely that plaintiff should be required to litigate this action in Maryland. Accordingly, the Court finds that the exercise of personal jurisdiction over this defendant is not unconstitutional.

Plaintiff alleges that statutory authorization for the assertion of jurisdiction over this defendant is found in subsection (A), paragraphs (1), (2) and (7) of the Virginia long-arm statute. VA.CODE 8.01–328.-1(A)(1), (2), (7) (Cum.Supp.1986). The relevant portions of the statute provide:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in the Commonwealth;

\*  \*  \*  \*  \*  \*

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contraction.

Virginia's long-arm statute has been construed to be as broad as the standard of constitutional due process permits. *Weight v. Kawasaki Motor Corp.*, 604 F.Supp. 968, 969 (E.D.Va.1985). The Court has found that defendant has purposefully availed itself of the opportunity to provide ongoing benefit coverage for Virginia residents, including plaintiff's decedent. Such activity constitutes the transaction of business within the meaning of 8.01–328.1(A)(1), particularly in light of the fact that benefit claims under the Plan appear to be handled exclusively through correspondence between the Plan and its participants. Because the Court finds the assertion of jurisdiction proper under 8.01–328.1(A)(1), the application of paragraphs (2) and (7) of the statute need not be addressed.

## II.

Defendant alleges that venue in the Eastern District of Virginia is improper because the Plan does not reside in Virginia nor did the claim arise in the Commonwealth. Defendant argues that because the Labor Management Relations Act contains no special venue provisions, actions under the statute are subject to the general federal venue provision which states that venue will lie in the judicial district where all defendants reside or where the claim arose. 28 U.S.C. § 1391(b) (1976). The Court need not decide whether the Plan "resides" in Virginia because it finds that the claim arose in this District.

█ Defendant argues that the "claim arose" in Maryland because the decision to deny the decedent's application for benefits was made there. In determining where a claim arose, the Court must analyze the contacts between the claim and the various districts concerned. *Hodson v. A.H. Robins Co., Inc.*, 528 F.Supp. 809, 814–5 (E.D. Va.1981), *aff'd*, 715 F.2d 142 (4th Cir.1983), citing *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). The Court accepts defendant's statement of Maryland's connection with the claim in question. However, the Court finds that plaintiff's claim has more substantial contacts with this Dis-

trict. Plaintiff's decedent resided here, he became disabled and incurred medical expenses giving rise to a claim for benefits in this District, and the effect of the denial of benefits is felt here. Accordingly, the claim arose in this District and venue is proper pursuant to the terms of Section 1391(b).

## III.

In holding that jurisdiction and venue are proper in this case, the Court has based its decision upon arguments raised by the parties. The Court does not address the issue of whether the Complaint is subject to challenge on grounds that plaintiff has failed to raise a proper statutory basis for her claim. The Court questions plaintiff's reliance upon 29 U.S.C. § 186 when the affidavit of Mr. Sokolowski and the terms of the Plan in question indicate that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, governs the Plan. Although it appears to the Court that venue and jurisdiction over the defendant would be proper had this claim been brought under ERISA, *see Varsic v. United States District Court for the Central District of Florida*, 607 F.2d 245 (9th Cir. 1979); *Ballinger v. Perkins*, 515 F.Supp. 673 (W.D.Va.1981), the Court expressly declines to rule on these issues because they have not been raised nor briefed by the parties.

For the foregoing reasons, defendant's Motion to Dismiss is DENIED.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiff and defendant.

IT IS SO ORDERED.