Helen R. CANNON, et al., Plaintiffs,

v.

TOKYU CAR CORPORATION,
Defendant.

Civ. A. No. J83–0310(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 28, 1984.

Michael S. Allred, David A. Barfield, Satterfield & Allred, Jackson, Miss., for plaintiffs.

Edward J. Currie, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for defendant.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

In their diversity action, Plaintiffs bring a products liability suit for the alleged wrongful death of William Frank Cannon, (hereinafter "deceased"). Plaintiffs allege that the Defendant, Tokyu Car Corporation (hereinafter "TCC") a Japanese corporation, manufactured a defective hauler-container, which was being transported by the deceased at the time of the accident giving rise to his death. According to the Plaintiff, the deceased, a Mississippi resident, was employed by Searail, Inc. as a truck driver. On April 30, 1981, he had journeyed to Great Lakes Chemical Company in Arkansas where he picked up a load of chemicals in the container which was manufactured by TCC. He was driving his tractor/truck on Highway 49 in Mississippi, hauling the container in question, with a destination of New Orleans, Louisiana, when the vehicle went off the road and turned over, killing him. The Plaintiffs maintain that the design and manufacture was defective in that it resulted in severe instability and imbalance when attached to a tractor truck for transportation which was a recognizable and primary purpose of the container. The Plaintiffs contend that the container was manufactured and designed in such a defective manner that it caused or contributed to the vehicle leaving the road and prevented the deceased from regaining control before the vehicle turned over.

The Defendant has filed a Motion to Dismiss for lack of in personam jurisdiction. Thus, the Plaintiffs have the burden of establishing a *prima facie* case for personal jurisdiction. All conflicts in the facts must be resolved in the Plaintiffs' favor in determining whether a prima facie case for in personam jurisdiction has been established. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270–71 (5th Cir.1983).

The concept of personal jurisdiction encompasses amenability to jurisdiction as well as service of process. In a diversity case, the federal court may assert personal jurisdiction only if the state's long arm statute as interpreted by the state courts applies to the defendant and the statute's application in the particular case comports with the due process requirements of the fourteenth amendment. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264–65 (5th Cir.1983).

Thus, the threshold question is whether or not Mississippi's long arm statute, *Miss.Code Ann.* § 13-3-57 (1972) applies to TCC, a Japanese corporation. The relevant portion of Mississippi's long arm statute provides:

Any non-resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or *who shall commit a tort in whole or in part in this State against a resident or non-resident of this State*, or who shall do any business or perform any character of work or service in this State shall by such acts be deemed to be doing business in Mississippi. (emphasis added).

*Id.* The Mississippi Supreme Court was called upon to interpret the tort provision

of the statute in *Smith v. Temco, Inc.*, 252 So.2d 212 (Miss.1971).

> The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the non-resident tort feasor is conferred upon the Mississippi Court.

*Id.* at 216. Consequently, the tort in this case clearly occurred in the State of Mississippi and the Defendant TCC would be subject to in personam jurisdiction in the Mississippi courts under the ruling in *Smith v. Temco, Inc. Accord Breedlove v. Beech Aircraft Corp.*, 334 F.Supp. 1361, 1365 (N.D.Miss.1971) ("a clearly recognizable segment of the tort of strict liability is the placing by a manufacturer of a defectively designed and manufactured product into the stream of commerce and its ultimate delivery in this state to a Mississippi resident.").

■ However, the inquiry must also include an examination of the fourteenth amendment's due process limitation on state court personal jurisdiction. "A state court may exercise personal jurisdiction over a non-resident defendant only so long as there exists 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) *quoting International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Defendant maintains that this case is governed by *World-Wide Volkswagon.* The issue presented in *World-Wide* was whether an Oklahoma Court could exercise in personam jurisdiction over a non-resident automobile retailer and its wholesale distributor in a products liability action when the defendants' only connection with Oklahoma was the fact that an automobile sold in New York to New York residents became involved in an accident in Oklahoma. In discussing the relationship between the New York automobile retailer and its wholesale distributor and the forum state, Oklahoma, the Court noted that "the relationship must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." 444 U.S. at 292, 100 S.Ct. at 564, quoting *International Shoe, supra.* In examining the relationship the Court found a "total absence of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction." *Id.* at 295, 100 S.Ct. at 566. As noted by the Court:

> Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through sales persons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstances that a single Audi automobile sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma.

*Id.* The Plaintiffs in *World-Wide* had argued that an automobile by its very nature is mobile and, therefore, it was reasonable that the car could cause injury in a distant state such as Oklahoma. "Yet foreseeability alone has never been a sufficient bench mark for personal jurisdiction under the due process clause." *Id.* at 295, 100 S.Ct. at 566. "Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. at 567. The Court in dicta, concluded:

> The forum State does not exceed its powers under the due process clause if it asserts personal jurisdiction over a corporation that delivers its products into

the stream of commerce with the expectation that they will be purchased by consumers in the forum state.

*Id.* at 298, 100 S.Ct. at 567.

The Fifth Circuit applied *World-Wide Volkswagon* in *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir.1980). Therein, Mrs. Oswalt was burned by a cigarette lighter manufactured by Tokai-Seiki, a Japanese corporation. The question before the Fifth Circuit was whether due process would permit application of Texas' long arm statute to impose personal jurisdiction over the Japanese corporation. Tokai-Seiki was incorporated under the laws of Japan with its principal place of business in Japan. There was no evidence in the record to indicate that it ever had any office, place of business or employee in the United States or Texas. The product on which the suit was based was manufactured, sold and delivered to Scripto, Inc. in Japan.

However, Mrs. Oswalt showed that Scripto had an agreement with Tokai-Seiki whereby Scripto was the exclusive distributor of the lighters in question in the United States. *Id.* at 196–197. Although there was no evidence to indicate exactly how many of the lighters had ever been shipped to Texas, the record did reveal the number of lighters that had been sold to Scripto for the time period involved. *Id.* at 197–198. The Fifth Circuit found in personam jurisdiction.

Tokai-Seiki delivered millions of the lighters to Scripto with the understanding that Scripto would be the exclusive distributor of the United States and that Scripto would be selling the lighters to a customer with national retail outlets.... [T]he record shows that Tokai-Seiki had every reason to believe its product would be sold to a nation-wide market, that is, in any or all states. Moreover, the record shows that Texas was one of the states in which the lighters were in fact marketed .... Given this distributorship arrangement, Tokai-Seiki's conduct and connection with Texas are such that

it should reasonably anticipate being haled into Court in Texas.

*Id.* at 200.

The Defendant herein, TCC, has presented evidence to show it makes no sales of its products in the State of Mississippi. None of TCC's products are even advertised for sale in any publication in the State of Mississippi.

The container in question was manufactured as part of an apparently isolated transaction for the benefit of Lykes Brothers Steamship Company, Inc., a Louisiana corporation. The container, title to which was passed in Japan, presumably was shipped by the purchaser Lykes Brothers to the United States. TCC did not manufacture the container for the purpose of distributing it to the United States for ultimate sale in Mississippi or to another consumer. According to the Defendant, TCC utilizes no marketing plan, direct or indirect, to introduce any of its manufactured products into the State of Mississippi. Lykes Brothers was not utilized to market or distribute the container in question in American commerce. Moreover, the Defendant has shown that it does not export its manufactured products to the United States for the purpose of retail sale, has no distributor in the United States to market its products and has no office of any kind (other than a temporary two-man liaison office in New York, New York which serves the purpose of passing along information) in the United States.

The Plaintiffs, on the other hand, maintain that TCC utilizes a world-wide market for its products and places its products into a world-wide stream of commerce. However, the Plaintiffs have submitted little, if any, evidence to verify this argument. In fact, the only evidence offered to rebut the facts set forth above which the Defendant has established, is the affidavit of A.D. Boswell, Jr. Mr. Boswell, Director of Claims, Safety and Insurance with Searail, Inc. in Mobile, Alabama, stated in his affidavit:

(2) Searail, Inc. does periodically transport Tokyu Car Corporation containers

across the roads and highways of this country which would include the state of Mississippi.

(3) there are no records at this office which would indicate the number of times or occasions on which we do or have transported Tokyu Car Corporation containers; however, I am aware of the fact that we do so on occasion, but I am unable to state with any accuracy the number of times and frequency with which we do so.

This is the only evidence offered by the Plaintiffs to establish their prima facie case of in personam jurisdiction. This evidence simply does not refute that offered by the Defendant to establish the Defendant's lack of minimum contacts with Mississippi. There is nothing in the way of proof to show that this case is any different from *World-Wide Volkswagon.* Unlike *Oswalt*, the Plaintiffs have offered nothing to prove that this was anything but an isolated occurrence. If, in fact, the Defendant is placing substantial numbers of these containers into the stream of commerce with the reasonable expectation that they will reach Mississippi, the Plaintiffs had the burden to prove this fact. The Plaintiffs simply have not shown that the Defendant has minimum contacts with the State of Mississippi. *Cf. Talbot Tractor v. Hinomoto Tractor Sales, U.S.A.*, 703 F.2d 143, 146 (5th Cir. 1983) (finding lack of jurisdiction where defendant conducted no activity in forum state, performed no sales nor services in forum state and solicited no business through sales person in the state or ads reasonably calculated to reach the state). Consequently, the Plaintiffs have failed to meet their burden of establishing a prima facie case for personal jurisdiction.

Accordingly, the Motion of the Defendant Tokyu Car Corporation to dismiss for lack of in personam jurisdiction is granted and this case is hereby dismissed without prejudice.