492 A.2d 23

**Rev. Clayton HEWITT, Grace Hewitt, Darryl Martin and Michael Martin, Co-Guardians of the Estate of Joan H. Forcey, Incompetent, Appellants,**

v.

**EICHELMAN'S SUBARU, INC., Kris J. Hoot, Hilltown Township, Bucks County, Pennsylvania Department of Transportation, Fuji Heavy Industries, Subaru of America and Penn Jersey Subaru.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1984.

Filed April 19, 1985.

590

Mark C. Schultz, Norristown, for appellants.

William J. Ricci, Philadelphia, for appellees.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in declining to exercise jurisdiction over appellee, Fuji Heavy Industries (Fuji). We agree and, accordingly, reverse.

On December 19, 1979, Joan Forcey was severely injured in an automobile accident involving her 1977 Subaru and

another vehicle. Her guardian [1] subsequently instituted this action against appellee, the manufacturer of the car, and others,[2] alleging negligence, strict liability in tort, and breach of warranties. Appellee filed a preliminary objection claiming that Pennsylvania courts could not exercise *in personam* jurisdiction over it. On June 15, 1983, the lower court sustained the preliminary objection and dismissed the complaint against appellee. This appeal by Ms. Forcey's present guardians followed.

The power of a court to exercise *in personam* jurisdiction over a non-resident defendant turns upon two considerations: (1) jurisdiction must be conferred by the state long-arm statute, and, (2) the exercise of jurisdiction under the statute must meet constitutional standards of due process. *Nissley v. JLG Industries, Inc.*, 306 Pa.Superior Ct. 557, 560–61, 452 A.2d 865, 866–67 (1982). Because the reach of the Pennsylvania long-arm statute extends "to the fullest extent allowed under the Constitution of the United States,"[3] the controlling consideration is whether the non-resident defendant had sufficient minimum contacts with this forum to permit the exercise of jurisdiction. *See Nissley v. JLG Industries, Inc., supra; Koenig v. International Brotherhood of Boilermakers*, 284 Pa.Superior Ct. 558, 426 A.2d 635 (1980). Due process requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Moreover, "the relationship between the defendant and the forum must be such that it is 'reasonable ... to require [a foreign] corporation to defend

1. Daniel Forcey was Ms. Forcey's guardian when this suit was instituted. In February, 1983, the present guardians were substituted for Mr. Forcey.

2. The other named defendants are the driver of the other vehicle, Bucks County, Pennsylvania Department of Transportation, the dealership which sold Ms. Forcey the car, and the regional and national distributors of Subaru automobiles.

3. *See* 42 Pa.C.S.A. § 5322(b).

the particular suit which is brought there.' " *World-Wide Volkswagen Corp. v. Woodsun,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), *quoting International Shoe Co. v. Washington, supra* 326 U.S. at 317, 66 S.Ct. at 158. Further, although forseeability alone is not a sufficient basis for exercising jurisdiction under the due process clause, the Supreme Court has stated that

> the forseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.

*Id.* 444 U.S. at 297, 100 S.Ct. at 567.

■ Our court has developed a two-part test for implementing these due process concerns and determining whether the exercise of jurisdiction by our courts over a particular non-resident is constitutional. *See, e.g., Union National Bank of Pittsburgh v. L.D. Pankey Institute,* 284 Pa.Superior Ct. 537, 426 A.2d 624 (1980); *Goff v. Armbrecht Motor Truck Sales, Inc.,* 284 Pa.Superior Ct. 544, 426 A.2d 628 (1980); *Koenig v. International Brotherhood of Boilermakers, supra.* First, we apply the test formulated in *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Superior Ct. 12, 323 A.2d 11 (1974). This *Proctor* test has three prongs, as follows:

> First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws.... Secondly, the cause of action must arise from defendant's activities within the forum state.... Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

*Id.,* 228 Pa.Superior Ct. at 19, 323 A.2d at 15 (citations omitted). Next, if this test is not satisfied, we must determine whether the non-resident defendant's activities in Pennsylvania unrelated to the cause of action were "contin-

uous and substantial." *Bork v. Mills,* 458 Pa. 228, 231–32, 329 A.2d 247, 250 (1974).

■ With these principles in mind, we turn to the facts of the instant case: Fuji, a Japanese corporation, is the sole manufacturer of Subaru automobiles. Subaru of America (SOA), a New Jersey corporation licensed to do business in Pennsylvania, is the exclusive importer of Subaru automobiles in the United States. Fuji sells the completed automobiles to SOA in Japan on a "FOB Japan" basis. SOA then sells the automobiles to franchised American distributors who, in turn, distribute them to franchised dealers for sale to the general public. The Subaru car which Ms. Forcey was driving at the time of the accident was manufactured by Fuji and sold to SOA. SOA then sold the car to Penn Jersey Subaru, the franchised regional distributor, which sold it to Eichelman's Subaru, Inc., a franchised dealership. Ms. Forcey bought the car from Eichelman's Subaru, Inc.

Although SOA is a publicly-owned corporation, Fuji owns over forty-nine percent of its stock, and two of Fuji's directors are on the board of directors of SOA. Fuji also maintains a liason office at SOA's New Jersey headquarters, consisting of five employees. Fifty-three Subaru dealerships operate in Pennsylvania, and the number of Subaru automobiles sold in the Commonwealth annually is as follows:

    1975— 3,113
    1976— 3,548
    1977— 7,352
    1978— 9,595
    1979—11,255
    1980—13,291

The first requirement of the *Proctor* test is that the non-resident defendant must have purposefully availed itself of the privilege of acting within Pennsylvania. In *World-Wide, supra,* the United States Supreme Court noted that when a corporation purposefully avails itself of the privilege of conducting activities in the forum state, "it has

clear notice that it is subject to suit there...." 444 U.S. at 297, 100 S.Ct. at 567. The Court also stated:

> Hence, if the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.

*Id.* at 297–98, 100 S.Ct. at 567. The distinction drawn in *World-Wide* between a dealer or regional distributor seeking to serve a limited market and a manufacturer or national distributor seeking to serve a larger market is critical to the instant case.[4] Here, the presence of Ms. Forcey's Subaru automobile in Pennsylvania was not an isolated occurrence but part of Fuji's effort to serve the United States market for its products. Although Fuji itself does no business in Pennsylvania, it places its automobiles in the stream of commerce in such a manner that it can expect that they will be purchased throughout the United States. Fuji's use of an American distributor, rather than marketing the automobiles itself, represents only a change in the method of distributing the cars, not a lack of participation in the chain of distribution itself. Furthermore, the close relationship between Fuji and SOA makes it unlikely that Fuji is unaware of the extent of SOA's distribution network. We therefore find that Fuji has purposefully availed itself of the privilege of conducting activity in Pennsylvania.

4. We note that the functions of the car manufacturer and distributor referred to in *World-Wide* are very similar to those in the instant case. Here, like Audi in *World-Wide* Fuji is a foreign manufacturer of automobiles, and, like Volkswagen in *World-Wide,* SOA is the American importer of those automobiles.

*Accord Hedrick v. Daiko Shoji Co., Ltd., Osaka,* 715 F.2d 1355 (9th Cir.1983); *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.,* 576 F.Supp. 312 (D.Md.1983); *Lasky v. Continental Products Corp.,* 569 F.Supp. 1225 (E.D.Pa. 1983); *Papafagos v. Fiat Auto S.p.A.,* 568 F.Supp 692 (D.N.H.1983); *United States v. Toyota Motor Corp.,* 561 F.Supp. 354 (C.D.Cal.1983).

We must next determine whether the cause of action arose from Fuji's activities within Pennsylvania. Ms. Forcey purchased her allegedly defective automobile as a direct result of Fuji's efforts to serve the Pennsylvania market. We therefore find that the second prong of the *Proctor* test has been met. *Accord Hedrick v. Daiko Shoji Co., Ltd., Osaka, supra; Poyner v. Erma Werke Gmbh,* 618 F.2d 1186 (6th Cir.), *cert. denied sub nom. Insurance Co. of North America v. Poyner,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980); *Copiers Typewriters Calculators, Inc. v. Toshiba Corp., supra; Rockwell International Corp. v. Costruzioni Aeronautiche Giovanni Agusta,* 553 F.Supp. 328 (E.D.Pa.1982).

Finally, we must determine whether Fuji's connection with Pennsylvania is sufficient to make the exercise of jurisdiction reasonable. Here, one of the automobiles manufactured by Fuji has allegedly injured a consumer in the market Fuji sought to serve. Under these circumstances, Fuji should "reasonably anticipate being haled into court" in Pennsylvania. *World-Wide Volkswagen v. Woodson, supra.* Accordingly, we hold that all three prongs of the *Proctor* test are fulfilled and that therefore the exercise of *in personam* jurisdiction over Fuji does not offend due process.[5]

---

**5.** Our examination of similar cases decided in other jurisdictions since *World-Wide* has further persuaded us of the reasonableness of asserting jurisdiction over Fuji in the instant case. *See Nelson v. Park Indus., Inc.,* 717 F.2d 1120 (7th Cir.1983), *cert. denied sub nom. Bunnan Tong & Co. v. F.W. Woolworth Co.,* —— U.S. ——, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984) *and United Garment Mfg. Co., Ltd. v. Nelson,* —— U.S. ——, 104 S.Ct. 1278, 79 L.Ed.2d 682 (1984) (jurisdiction exercised over Hong Kong shirt manufacturer and buyer); *Hedrick v. Daiko Shoji Co., Ltd., Osaka, supra* (jurisdiction exercised over Japa-

Reversed and remanded for further proceedings. Jurisdiction is not retained.

nese manufacturer of rope splices); *Noel v. S.S. Kresge Co.,* 669 F.2d 1150 (6th Cir.1982) (jurisdiction exercised over Japanese trading company); *Poyner v. Erma Werke Gmbh, supra,* (jurisdiction exercised over German firearms manufacturer); *Oswalt v. Scripto, Inc.,* 616 F.2d 191 (5th Cir.1980) (jurisdiction exercised over Japanese manufacturer of cigarette lighters); *Copiers Typewriters and Calculators, Inc. v. Toshiba Corp., supra* (jurisdiction exercised over Japanese copier manufacturer); *Lasky v. Continental Products Corp., supra* (jurisdiction exercised over Japanese car manufacturer); *Papafagos v. Fiat Auto S.p.A., supra* (jurisdiction exercised over Italian automobile manufacturer); *United States v. Toyota Motor Corp., supra* (jurisdiction exercised over Japanese automobile manufacturer); *Graco, Inc. v. Kremlin, Inc.* 558 F.Supp. 188 (N.D.Ill.1982) (jurisdiction exercised over French manufacturer of paint spraying equipment); *Rockwell Int'l Corp. v. Costruzioni Aeronautiche Giovanni Agusta, supra* (jurisdiction exercised over French manufacturer of helicopter parts). *But see Samuels v. BMW of North America, Inc.* 554 F.Supp. 1191 (E.D.Tex. 1983) (jurisdiction not exercised over Japanese car manufacturer); *cf. Humble v. Toyota Motor Co., Ltd.,* 727 F.2d 709 (8th Cir.1984) (jurisdiction not exercised over Japanese manufacturer of car seats used by Japanese car manufacturer because connection with forum state too tenuous); *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981) (jurisdiction not exercised over Japanese corporation which converted ship because corporation did not take advantage of indirect marketing scheme and therefore connection with forum state too remote); *Ins. Co. of North America v. Marina Salina Cruz,* 649 F.2d 1266 (9th Cir.1981) (jurisdiction not exercised over Mexican naval shipyard which made repairs on boat which later sank off Alaskan coast because shipyard had insufficient contacts with Alaska and it was too burdensome for shipyard to be haled into court there); *Cannon v. Tokyu Car Corp.,* 580 F.Supp. 1451 (S.D.Miss.1984) (jurisdiction not exercised over Japanese manufacturer of hauling container because it had insufficient contacts with forum state and presence of container in forum was an isolated incident).

Appellee has also directed our attention to *Mid-Atlantic Subaru Star, Ltd. v. Subaru of America, Inc.,* No. 78–851 (D.Md. Oct. 1, 1979), in which a federal district court declined to exercise jurisdiction over Fuji under Maryland's long-arm statute. We do not find the court's rationale persuasive, however, and further note that *Mid-Atlantic Subaru Star* did not involve an allegedly defective automobile but the termination of a distributorship agreement between plaintiffs and SOA.