**Ball v. Ehlig**

C.P. of Montgomery County, nos. 04-08007, 04-28772.

*Matthew D'Annunzio* and *Matthew D. Lee,* for plaintiffs.
*Michael V. Tinari* and *Paul H. Schultz,* for defendants.

HODGSON, *J.,* January 31, 2005—

## FACTS AND PROCEDURAL HISTORY

Russell C. Ball and Larry Heck, plaintiffs,[1] instituted suit against defendants John Ehlig, Mark D. Lee and Baymont Technologies Inc. alleging the unlawful recording of telephone calls without the plaintiffs' knowledge or consent pursuant to the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §5701. The subject of the telephone calls concerned the business relationship between Philadelphia Mixers, a Pennsylvania corporation of which plaintiff Ball is CEO and plaintiff Heck is an employee, and its sales representative, Baymont, a Texas corporation.

On or about May 19, 1997, Baymont and Philadelphia Mixers entered into a sales manufacturer's repre-

---

1. Plaintiff Ball's complaint was first filed in Montgomery County while plaintiff Heck's complaint was first filed in Lebanon County. The court consolidated the two cases against the named defendants on September 16, 2004 to be heard in Montgomery County pursuant to Pa.R.C.P. 213.1.

sentative contract (agreement). The agreement provided that Baymont would serve as Mixers' sales representative for its product within the Texas marketplace. Beginning on or about February 1, 1999, Baymont began to arrange for sales of Mixers' products in Texas. Baymont received commissions from Mixers for these sales pursuant to the agreement. At no time did Baymont receive products from Mixers; rather, Baymont's activities were limited to arranging sales between Mixers and third-party customers and receiving commissions from Mixers. On or about April 29, 2002, Baymont provided notice to Mixers that it was canceling the agreement. Subsequently, defendants filed suit against Mixers to recover commissions due under the agreement. This action was brought in Texas in February 2003 and is still a viable case. During the course of discovery, defendants admitted that they had recorded telephone conversations between defendants and plaintiffs. Upon discovering the recorded conversations, plaintiffs brought suit in Pennsylvania.

The suits were filed in Pennsylvania and defendants filed preliminary objections to the complaints. Subsequently, plaintiffs filed preliminary objections to defendants' preliminary objections that asserted lack of jurisdiction.

## DISCUSSION

We find that these cases must be dismissed since our court lacks jurisdiction over the named defendants pursuant to Pa.R.C.P. 1028(a)(1). Moreover, even if we did have jurisdiction over the defendants, the case should be dismissed for failure to state a claim pursuant to Pa.R.C.P. 1028(a)(4).

*Plaintiffs' Complaint Must Be Dismissed Pursuant to Pa.R.C.P. 1028(a)(1) Because This Court Lacks Jurisdiction Over the Named Defendants*

Parties may file preliminary objections asserting lack of jurisdiction in accordance with Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure. Pursuant to the Judiciary Act, 42 Pa.C.S. §5301 et seq., the Commonwealth may exercise two types of personal jurisdiction over a nonresident defendant: general and specific personal jurisdiction. Once a jurisdictional defense has been properly raised, the plaintiff bears the burden of demonstrating sufficient contacts with the forum state in order to confer personal jurisdiction. *Derman v. Wilair Services Inc.,* 404 Pa. Super. 136, 590 A.2d 317 (1991). We find that the defendants have correctly raised a jurisdictional defense in their preliminary objections. Therefore, we must determine whether the plaintiffs' contentions meet the threshold requirement of contacts with Pennsylvania to extend personal jurisdiction over the defendants.

Initially, we considered whether we have general jurisdiction over the defendants. General personal jurisdiction, arising from a defendant's general relationship with the forum, may only be established where it can be shown that a defendant had "continuous and systematic" contacts with the forum. *Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414-15 (1984). The facts of this case do not support a finding of general personal jurisdiction since there is no evidence that the defendants have engaged in any measure of constant and regular contacts with Pennsylvania. The only evidence the plaintiffs have provided to support jurisdiction are occasional e-mails and telephone communications over

the five-year business relationship. Pennsylvania courts have determined that telephone contacts alone are insufficient to confer personal jurisdiction over a nonresident defendant especially when the telephone call itself forms the basis for the action brought by the defendant. *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir. 1982). Therefore, this evidence is insufficient to exercise general personal jurisdiction over defendants.

Secondly, we must decide whether we have specific jurisdiction over the defendants. Specific personal jurisdiction, arising from the defendants' specific conduct at issue, can only be established where it is shown that the defendant had minimum contacts with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). "A court may exercise in personam jurisdiction over a nonresident if (1) jurisdiction is conferred by the state long arm statute; and (2) the exercise of jurisdiction under the statute meets the constitutional standards of due process." *Engle v. Engle,* 412 Pa. Super. 425, 430, 603 A.2d 654, 657 (1992), citing *Hewitt v. Eichelman's Subaru Inc.,* 341 Pa. Super. 589, 492 A.2d 23 (1985).

In this regard, we are required to examine the Pennsylvania long arm statute to determine whether it confers jurisdiction in this scenario. The statute permits jurisdiction to be exercised "to the fullest extent allowed under the constitution of the United States and may be based upon the most minimum contact with this Commonwealth under the constitution of the United States." 42 Pa.C.S. §5322(b). Therefore, this test turns on whether subjecting the defendant to suit in Pennsylvania would deprive the defendant of his constitutional right to due process. *Engle,* 412 Pa. Super. at 430, 603 A.2d at 657.

"The Due Process Clause of the Fourteenth Amendment to the United States Constitution allows personal jurisdiction over a nonresident defendant where the defendant has 'certain minimum contacts . . . such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Engle* at 431, 603 A.2d at 657, quoting *International Shoe Co.* at 316.

Pennsylvania has adopted the minimum contacts test as announced by the United States Supreme Court in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985), in order to determine whether jurisdiction may be asserted over a nonresident defendant. The facts of this case do not support the minimum contacts requirement to assert specific jurisdiction over the nonresident defendants. The agreement between the parties provided that the defendants would arrange the sales of Mixers' products to third-party customers. The defendants never received the actual products from Mixers. The agreement was negotiated without defendants' presence at any time in Pennsylvania. Defendants received their commissions in Texas. Moreover, the plaintiffs seem to base jurisdiction on the interstate telephone calls and e-mails between the parties over the past five-year relationship, which are inadequate to meet the minimum contacts requirement to exercise specific jurisdiction over the defendants.

*Alternatively Plaintiffs' Complaint Must*
*Be Dismissed Pursuant to Pa.R.C.P. 1028(a)(4)*
*Because Plaintiff Fails To State a Claim*
*Upon Which Relief Must Be Granted*

Even if we were to find that Pennsylvania could properly exercise jurisdiction over defendants, we must still

determine whether plaintiffs have stated a proper claim for relief. Under Texas law, a party to a telephone conversation is permitted to record the conversation without the consent of the other party. V.T.C.A., Penal Code §16.02. This approach is in clear contrast to the Pennsylvania statute, which requires that both parties to the conversation consent to its recording. 18 Pa.C.S. §5725. Since there is a direct conflict between the laws of Pennsylvania and Texas with regards to this issue, it is necessary to apply a choice-of-law analysis to determine which state's law applies.

A choice-of-law analysis in Pennsylvania is comprised of two parts. First, the court will consider a number of factors listed in section 145 of Restatement (Second) Conflict of Laws. These factors are:

"(a) the place where the injury occurred;

"(b) the place where the conduct causing injury occurred;

"(c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and

"(d) the place where the relationship between the parties is centered."

Next, the court must conduct an interest analysis to determine which state has a greater interest in the application of its laws in this case. Such an analysis focuses on some or all of the following factors, in addition to other considerations:

"(a) the needs of the interstate and/or international systems;

"(b) the relevant policies of the forum state;

"(c) the relevant policies of the other interested states along with the interest of those states in determining the issue;

"(d) the protection of justified expectations;

"(e) the basic policies underlying the particular field of law;

"(f) certainty, predictability and uniformity of result; and

"(g) ease in the determination and application of the law to be applied." Restatement (Second) Conflict of Laws §6.

The facts of *Larrison v. Larrison,* 750 A.2d 895 (Pa. Super. 2000), and *Broughal v. First Wachovia Corp.,* 14 D.&C.4th 525 (1992), are very similar to the facts of our case. In *Larrison,* the plaintiff was a Pennsylvania resident and the defendant was a New York resident. The defendant recorded a conversation between the parties without the plaintiff's consent. The New York Wiretap Law requires the consent of only one of the parties, as does Texas. The Superior Court engaged in a choice-of-law analysis and found that

"New York possessed the greater interest in allowing its citizens to record telephone conversations lawfully with only the consent of the sender or receiver. While this Commonwealth has an interest in protecting its citizens from having telephone conversations recorded without proper consent, we, as the courts of this Commonwealth, have no power to control the activities that occur within a sister state." *Id.* at 898.

The court went on to apply New York law to the facts of the case and was unable to find a basis for a violation under the New York wiretapping law.

In *Broughal,* one of defendant's employees recorded business communications with plaintiff while defendant's employee was in North Carolina. The plaintiff initiated the first call while defendant initiated the second call. Both conversations were recorded by defendant's employee at the North Carolina location. "The Commonwealth does not have general power to control criminal conduct which occurs outside its borders." *Id.* at 531 citing *Commonwealth v. Firestone,* 253 Pa. Super. 577, 385 A.2d 489 (1978). "It is undisputed the interception and recording took place in North Carolina only . . ." the Act does not apply to legal interception of communications beyond Pennsylvania borders, nor to Pennsylvania disclosures of wire communications lawfully intercepted by the actor in a foreign jurisdiction. *Id.* at 532-33.

In the case at bar, the applicable factors do not support the application of Pennsylvania law. Specifically, defendants were situated in Texas at all times relevant to the conduct of this litigation and the recording of the interstate conversations took place in Texas. The state of Texas has a greater interest in allowing its citizens to record telephone conversations legally with only the consent of one party. Additionally, we find that, since defendants were located in Texas when the recording took place and the actual act of recording took place in Texas, they were justified in expecting Texas law to apply to their actions. The Superior Court has held that "[j]urisdiction in criminal matters rests solely in the courts of the state or country in which the crime is committed." *Commonwealth v. Firestone,* 253 Pa. Super. 577, 579, 385 A.2d 489 (1978). Therefore, under a choice-of-law analysis, Texas law should apply to the instant case and as such it follows

that there is no violation of Texas law. Accordingly, we enter the following orders:

## ORDER

And now, January 31, 2005, upon consideration of the preliminary objections of plaintiffs[1] to the amended preliminary objections of defendants, it is hereby ordered and decreed that said preliminary objections are overruled.

## ORDER

And now, January 31, 2005, upon consideration of the amended preliminary objections of defendants, and plaintiffs' response thereto, it is hereby ordered and decreed that said amended preliminary objections are sustained and plaintiffs' complaints are dismissed.

---

1. Although not addressed in the memorandum opinion, we find plaintiffs' preliminary objections to be without merit.